**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

State of Minnesota, ex rel.
LARRY J. BROWN,

Civil No. 01-475 (JRT/ESS)

Plaintiff,

v.

**REPORT AND RECOMMENDATION**

NEWSTRAND, BARTZ, KOOSMAN,
LEONARD, O'MALLEY, RONNING and,
O'DELL,

Defendants.

---

Plaintiff, an inmate at the Prairie Correctional Facility in Appleton, Minnesota, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. Plaintiff did not pay any filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). See Docket No. 2. As 28 U.S.C. § 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, Plaintiff was ordered to pay an initial partial filing fee in the amount of $24.77.[1]

The Order requiring payment of an initial filing fee issued on March 21, 2001, and it granted Plaintiff thirty days to comply. See Docket No. 3. Plaintiff has not responded to the Court's Order within the time allowed. Therefore, based on the Court's Order and Plaintiff's failure to respond to that Order, the present action should be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply

---

[1] As required by 28 U.S.C. § 1915(a)(2), Plaintiff submitted with his IFP application a certified statement pertaining to his inmate trust account. This showed an average monthly deposit during the preceding six months of $123.88 and an average monthly balance of $98.92. Because the average monthly deposit is greater than the average monthly balance amount, Plaintiff's initial partial filing fee is twenty percent of the former amount ($123.88 x 20% = $24.77).

FILED APR 25 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

with court orders); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").[2]

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This action [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE**; and

2. Plaintiff's application to proceed in forma pauperis [Docket No. 2] be **DENIED**.

Dated: April 24, 2001

E. S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation within 10 days after being served with a copy thereof. The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within 10 days.

---

[2] The March 21 Order stated that if Plaintiff did not file a written response within the time allowed, the Court would recommend that his petition be summarily dismissed with prejudice. See Order at 3, Docket No. 3.